**In re JONES.**

[Cite as *In re Jones* (1990), 69 Ohio App.3d 114.]

Court of Appeals of Ohio,
Franklin County.

No. 89AP–89.

Decided Aug. 9, 1990.

*Vorys, Sater, Seymour & Pease* and *Daniel J. Buckley,* for appellee
Thomas L. Jones, M.D.

*Anthony J. Celebrezze, Jr.,* Attorney General, and *John C. Dowling,* for
appellant Ohio State Medical Board.

BOWMAN, Judge.

On July 31, 1987, appellee, Thomas L. Jones, was served with a subpoena
ordering him to appear before appellant, the State Medical Board of Ohio
("board"), for a deposition and to produce certain medical records.

At the deposition on August 7, 1987, at which appellee was represented by
counsel, appellee admitted to self-prescribing controlled substances for ap-
proximately twelve weeks during 1987. During the same period, appellee also
testified that he prescribed controlled substances to his wife, whom he knew
to have a drug addiction. In addition, appellee revealed that he issued
prescriptions for controlled substances to Drexel Penn ("Penn"), whom he saw
as a patient at his home on eleven occasions between January 1985 and
February 1987; however, appellee admitted that he did not obtain a complete
history on Penn nor did he administer a thorough examination before prescrib-
ing such drugs. The record also reveals appellee authorized his wife to take
samples of controlled substances to Penn.

On February 10, 1988, appellant notified appellee by letter that his prescrib-
ing practices allegedly violated several provisions of R.C. 4731.22(B): (1) that
he failed to use reasonable care and discrimination in administering drugs; (2)
that he was selling, prescribing, giving away, or administering drugs for other
than legal and legitimate therapeutic purposes; and (3) that his prescribing
practices failed to conform to minimal standards of care of similar practition-
ers under the same or similar circumstances. The letter also cited charges
against appellee for violations of certain portions of the Ohio Administrative
Code dealing with the administration of controlled substances. Included in
the letter were the dates on which appellee had self-prescribed a controlled
substance, primarily Didrex, and the amount of the controlled substance
prescribed on each date. The letter also included the amount of and dates on

which appellee had prescribed a controlled substance to his wife, and also to Penn.

A hearing on the foregoing charges was held before an attorney hearing examiner of the board on June 14, 1988. Appellant presented, as evidence, appellee's testimony in his pre-hearing deposition, patient records of Penn, and prescriptions written by appellee.

Appellee appeared at the hearing, represented by counsel, and was given the opportunity to present testimony and evidence. Appellee did not object to his prior deposition. Both appellee and his wife testified, as well as several members of the community. Appellee did not contradict the testimony in his deposition as much as present more detailed background information. Evidence showed that appellee's wife has completed a drug rehabilitation program and Penn has been convicted of drug trafficking.

Based on the evidence presented to her, the hearing officer prepared a written report, including findings of fact and conclusions of law, concluding that appellee had in fact violated the provisions of R.C. 4731.22(B) as alleged in appellant's February 10, 1988 letter. The examiner recommended that appellee's license to practice medicine and surgery be revoked.

On September 14, 1988, after considering the hearing examiner's report and recommendation, and appellee's written objections, the board adopted the report and recommendation. On September 16, 1988, the board entered an order revoking appellee's license to practice medicine and surgery in Ohio.

Appellee appealed to the common pleas court which, on review of the transcript of the proceedings before the medical board, found that appellee's due process rights were violated and the penalty was too severe and, thus, reversed the board's order revoking appellee's medical license. Appellant appeals therefrom, asserting two assignments of error:

"I. The trial court erred by ruling that the board's order was not in accordance with law.

"II. The trial court erred by exceeding its scope of review pursuant to R.C. 119.12."

Appellant's assignments of error are related and will be discussed together.

The Ohio Supreme Court described the standard of review in appeals pursuant to R.C. 119.12 in *Univ. of Cincinnati v. Conrad* (1980), 63 Ohio St.2d 108, 110, 17 O.O.3d 65, 66, 407 N.E.2d 1265, 1267:

"In *Andrews v. Bd. of Liquor Control* (1955), 164 Ohio St. 275 [58 O.O. 51, 131 N.E.2d 390], paragraph one of the syllabus, this court held that a Court of Common Pleas must, in an appeal pursuant to this section, appraise all the evidence 'as to credibility of witnesses, the probative character of the evidence

and the weight to be given it, and, if from such a consideration it finds that the * * * [administrative] order is not supported by reliable, probative, and substantial evidence and is not in accordance with law, the court is authorized to reverse, vacate, or modify the order * * *.' However, *Andrews* also pointed out that R.C. 119.12 does not contemplate a trial *de novo* in the Court of Common Pleas * * *."

█ Thus, the issue before the board was whether appellee's self-prescribing of controlled substances, prescribing of controlled substances for himself, his wife and for Penn, fell below the reasonable standard of care and had no legitimate therapeutic purpose. The trial court was then presented the issue of whether the board's finding was supported by substantial, reliable and probative evidence and was in accordance with the law.

█ The issue presented to us is whether the trial court abused its discretion in finding that the board's order was not supported by substantial, reliable and probative evidence and was not in accordance with the law. *Hartzog v. Ohio State Univ.* (1985), 27 Ohio App.3d 214, 27 OBR 254, 500 N.E.2d 362.

Although somewhat vague in its decision, the trial court apparently found appellee's due process rights were violated because he was not given notice of the reason for the deposition. The authority to conduct investigative depositions by the board is contained in R.C. 4731.22(C)(1), which states in pertinent part:

"For the purpose of investigation of a possible violation of division (B)(3), (8), (9), (11), or (15) of this section, the board may administer oaths, order the taking of depositions, issue subpoenas, and compel the attendance of witnesses and production of books, accounts, papers, records, documents, and testimony.

"In investigating possible violations of all remaining divisions of this section, the board may also administer oaths, order the taking of depositions, issue subpoenas, and compel the attendance of witnesses and production of books, accounts, papers, records, documents, and testimony. However, in such instances, other than for patient records provided to the board pursuant to the reporting provisions of division (A) of section 4731.224 of the Revised Code, a subpoena for patient record information shall not be issued without consultation with the attorney general's office and approval of the secretary of the board, the supervising member, and a member of the board who is licensed to practice medicine, osteopathic medicine, or podiatric medicine. Before issuance of such subpoena, the three board members shall determine whether there is probable cause to believe that the complaint filed alleges a

violation of this chapter, Chapter 4730. of the Revised Code, or any rule of the board, and that the records sought are relevant to the alleged violation and material to the investigation. Such records must cover a reasonable period of time surrounding the alleged violation. * * * "

As appellant notes, there is no evidence that the procedures mandated by R.C. 4731.22(C) were not followed. The subpoena sent to appellee on July 31, 1987 is not part of the record before us.

■ The trial court felt it was " * * * apparent that no probable cause finding was made pursuant to R.C. 4731.22 before the subpoenaing of Dr. Jones' medical records." However, since the subpoena was not part of the record before the trial court, there was no basis for this finding.

■ In addition, the trial court found that appellee's due process rights were violated since " * * * [h]e was not given notice of the nature of the deposition and that it involved probable charges against him to revoke his license. * * * " The due process requirements in administrative actions mandate that an individual be given notice and an opportunity to be heard prior to final agency adjudication. *Goldberg v. Kelly* (1970), 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287; *Memphis Light, Gas & Water Div. v. Craft* (1978), 436 U.S. 1, 98 S.Ct. 1554, 56 L.Ed.2d 30; *Liberty Bell, Inc. v. Ohio Dept. of Transp.* (1986), 34 Ohio App.3d 267, 518 N.E.2d 32. Appellee was afforded his right to notice and a hearing. Appellee was notified by letter that he was to appear before the board for a deposition. Appellee appeared at the deposition with counsel and voluntarily answered questions. From the record it appears appellee had some knowledge of why he was there inasmuch as all the questions asked centered around drugs prescribed for appellee, his wife and Penn, and appellee has some, although not all, of the records pertaining to those prescriptions.

■ Subsequent to the deposition, appellant notified appellee of the charges against him and that he had a right to a hearing. Appellee appeared at the administrative hearing represented by his attorney and was given the opportunity to present evidence. Appellee did not dispute the charges nor anything he admitted in his deposition, but offered further explanation of the circumstances surrounding his actions. The hearing examiner filed her report and recommendation to which appellee filed objections. The board then made its finding based on the evidence before it. Thus, appellee was provided with ample notice and opportunity to be heard prior to the agency adjudication. In any event, there is no showing of prejudice on the part of appellee, since he did not deny the charges based on his testimony in the deposition, but only offered an explanation.

■ The trial court also stated that appellant did not consider all of the evidence developed at the hearing. Appellee contends that the proceedings before appellant were not in accordance with law for the reason that it failed to consider the evidence submitted by appellee. However, the minutes of the board's September 14, 1988 proceeding established that the members of the board had reviewed the transcript and exhibits in appellee's case. The president of the board asked if each member of the board " * * * had received, read, and considered the hearing record, the proposed findings, conclusions, and orders, and any objections filed * * * " by appellee. Each member of the board answered in the affirmative. The board thereupon approved the hearing examiner's findings of fact and conclusions of law. There is no indication in the record that appellee's objections or testimony at the hearing were not considered. (Cf. *State v. Carroll* [1977], 54 Ohio App.2d 160, 8 O.O.3d 285, 376 N.E.2d 596, wherein the record established that the members had not read or considered the transcript of the adjudicating hearing.)

The testimony of appellee's witnesses was simply not mentioned in the hearing examiner's findings of fact. The testimony was however part of the record for the board to review. Furthermore, the testimony of appellee's witnesses was not necessary to support the board's findings. The witnesses appellee produced at the administrative hearing essentially testified as to appellee's reputation in the community. The trial court apparently felt the evidence should have been given more weight and was important in evaluating appellee's competence to practice medicine. However, appellee's case consisted of an explanation of the circumstances surrounding the commission of acts which are improper on their face. As noted previously, appellee did not deny the charges he was faced with, but only attempted to offer an explanation. The evidence appellee presented did not rebut the charges.

■ Neither lay nor expert testimony is required in a license revocation hearing when the case involves commission of acts which are obviously improper. As the Ohio Supreme Court held in *Arlen v. State* (1980), 61 Ohio St.2d 168, 172, 15 O.O.3d 190, 193, 399 N.E.2d 1251, 1254:

"For the reasons hereinafter set forth, expert testimony as to a standard of practice is not mandatory in a license revocation hearing and the board may rely on its own expertise to determine whether a physician failed to conform to minimum standards of care."

Furthermore, at 174, 15 O.O.3d at 194, 399 N.E.2d at 1255, the court stated:

"The requirement for expert testimony in the record of a license revocation proceeding usurps the power of the State Medical Board's broad measure of discretion. * * * "

As in the instant case, the physician in *Arlen* did not present any expert testimony that his practice conformed to an acceptable medical standard. Furthermore, Dr. Arlen's conduct violated a specific provision of R.C. 3719.-06(A). Appellee's conduct, as well, violated specific provisions of R.C. 4731.22.

The trial court, in essence, was of the opinion that the penalty imposed was too harsh. While, given the somewhat tragic family circumstances surrounding this case, a permanent revocation of appellee's license to practice might seem harsh, R.C. 4731.20 empowers the board to impose sanctions upon a finding of a specific violation. The penalty to be imposed in . an adjudicatory hearing lies within the discretion of the board. *Pioneer Chevrolet–Cadillac, Inc. v. Motor Vehicles Dealers Bd.* (1985), 17 Ohio St.3d 50, 17 OBR 42, 476 N.E.2d 1057. Thus, the trial court erred by usurping the function of the board.

The trial court's strict standard of review is set forth in R.C. 119.12, which states in pertinent part:

"The court may affirm the order of the agency complained of in the appeal if it finds, upon consideration of the entire record and such additional evidence as the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law. In the absence of such a finding, it may reverse, vacate, or modify the order or make such other ruling as is supported by reliable, probative, and substantial evidence and is in accordance with law. * * * "

It does not appear from the trial court's decision and entry that it found the board's order was not supported by reliable, probative and substantial evidence. Rather, it appears that the trial court disagreed with the use of appellee's own deposition to obtain evidence necessary to file charges against him and with the severity of the sanctions imposed.

The record does reveal the board's order was supported by reliable, probative and substantial evidence. The trial court abused its discretion by reversing the order of the board based on the degree of discipline imposed. See *Henry's Cafe, Inc. v. Bd. of Liquor Control* (1959), 170 Ohio St. 233, 10 O.O.2d 177, 163 N.E.2d 678.

Accordingly, appellant's assignments of error are sustained, and the judgment of the trial court is reversed and the decision of the Ohio State Medical Board is reinstated.

*Judgment reversed.*

REILLY, P.J., and MARTIN, J., concur.

JOHN D. MARTIN, J., of the Fairfield County Court of Common Pleas, sitting by assignment.