JOURNAL ENTRY AND OPINION
{¶ 1} Gus Moulagiannis appeals the decision of the trial court affirming the Cleveland Board of Zoning Appeals'(BZA) decision to prohibit the use of a tattoo and body piercing shop. Moulagiannis argues that the Board of Zoning Appeals erronously applied Cleveland's Codified Ordinances; that the BZA erroneously relied upon impermissible evidence in making its decision; and that the trial court's decision is not supported by a preponderance of reliable, probative, and substantial evidence. For the following reasons, we affirm the decision of the trial court and uphold the denial of the use variance.
 {¶ 2} Gus Moulagiannis leases the property located at 2217 Broadview Road from owner Fred Manson. Since 1983, the area has been zoned as a local retail business district. On November 15, 2002, the City of Cleveland Department of Building and Housing (City) issued a permit for retail sales of body piercing jewelry and tattoo supplies. On April 11, 2003, the City issued a certificate of occupancy for retail sales with the special condition of prohibiting tattooing and body piercing services.
 {¶ 3} On June 4, 2003, Moulagiannis filed an application for a change of use to add a tattoo and body-piercing shop to the existing retail business. The City denied the application and issued a notice of non-conformance. The City found that tattooing and bodypiercing services were not permitted in a local retail business district. The City further found that tattooing and body piercing are first permitted in a general retail business district, and, only if located at least 1,000 feet from a residence district. The City noted that the location of 2217 Broadview Road was only 100 to 200 feet from one residence district and within 1,000 feet of several other residence districts.
 {¶ 4} Moulagiannis appealed the City's decision to the BZA, which held a public hearing on September 22, 2003. During the hearing, Moulagiannis explained the proposed structure of the shop and provided evidence of support for the use variance from members of the nearby community. Oral opposition to the proposed use variance came from councilwoman Merle Gordon and neighborhood planner Bob Laycock. Both parties recommended a denial of the use variance. On September 29, 2003, the BZA issued its resolution and stated conclusions of fact supporting its decision. The BZA upheld the notice of nonconformance provided by the City and denied Moulagiannis's request for the use variance.
 {¶ 5} Moulagiannis appealed the Board's decision to the Cuyahoga County Court of Common Pleas. The trial court found that the BZA's decision was supported by a preponderance of reliable, probative, and substantiated evidence thereby affirming the BZA's decision. Moulagiannis appeals raising the eight assignments of error set forth in the appendix to this opinion.
 {¶ 6} Standard of Review:
 {¶ 7} Ohio Revised Code 2506.01 provides for the appeal of an order from any board of a political subdivision to the court of common pleas. In reviewing an appeal of an administrative decision, R.C. 2506.04
provides that the common pleas court "may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record." The trial court "must weigh the evidence in the record * * * to determine whether there exists a preponderance of reliable, probative and substantial evidence to support the agency decision." Dudukovich v.Lorain Metro. Hous. Auth (1979), 58 Ohio St.2d 202, 207. The trial court may not, however, "substitute its judgment for that of an agency, especially in areas of administrative expertise." Id. at 207. If the trial court finds the existence of a preponderance of reliable, probative, and substantial evidence, it must affirm the agency decision. Id. at 207. If the trial court finds that such evidence does not exist, it may reverse, vacate, modify or remand. Id. at 207.
 {¶ 8} Appeals from administrative decisions require different standards of review for common pleas courts and courts of appeals. The Ohio Supreme Court in Henley v. City of Youngstown Bd of Zoning Appeals,90 Ohio St.3d 142, 147, 2000-Ohio-493, distinguished the standard of review to be applied by common pleas courts and courts of appeals in R.C. 2506 appeals.
"The common pleas court considers the `whole record' including any newor additional evidence admitted under R.C. 2506.03, and determineswhether the administrative order is unconstitutional, illegal,arbitrary, capricious, unreasonable, or unsupported by the preponderanceof substantial, reliable, and probative evidence.
 The standard of review to be applied by the court of appeals in anR.C. 2506.04 appeal is `more limited in scope.' This statute grants amore limited power to the court of appeals to review the judgment of thecommon pleas court only on `questions of law' which does not include thesame extensive power to weigh `the preponderance of substantial, reliableand probative evidence' as is granted to the common pleas court. It isincumbent on the trial court to examine the evidence. Such is not thecharge of the appellate court.
 The fact that the court of appeals, or this court, might have arrivedat a different conclusion than the administrative agency is immaterial.Appellate courts must not substitute their judgment for those of anadministrative agency or a trial court absent the approved criteria fordoing so." (Internal citations omitted.) Id. at 147.
 {¶ 9} In his first assignment of error, Moulagiannis argues that "[t]he trial court and the Cleveland board of zoning appeals erred in determining that Appellant's proposed use was not permitted under Cleveland Codified Ordinance 343.01(b)(7). This assignment lacks merit.
 {¶ 10} Though courts of appeals have a limited scope of review on R.C. 2506 appeals, interpretation of a city's ordinance presents a question of law that must be reviewed de novo. Lamar Outdoor Adver v.City of Dayton Bd. Of Zoning Appeals (June 21, 2002), Montgomery App. No. 18902, 2002-Ohio-3159.
 {¶ 11} Moulagiannis's proposed change in use did not comply with the requirements of the zoning code. Cleveland Codified Ordinance 327.02(c) provides that there can be no change or substitution in the use of any existing building or premises until a certificate of occupancy has been issued. A certificate of occupancy will not be issued unless the proposed use conforms to the provisions of the zoning code. Cleveland Codified Ordinance 327.02(d).
 {¶ 12} The Cleveland Zoning Code defines a local retail business district as "a business district adjacent to or surrounded on at least three sides by residence districts in which such uses are permitted as are normally required for the daily local retail business needs of the residents of the locality only." The permitted uses for this local retail business district are listed in Cleveland Codified Ordinance 343.01(b)(1)-(8). Tattooing and body piercing are not included on the list of permitted uses for the zoning district of 2217 Broadview Road.
 {¶ 13} The city of Cleveland does permit tattooing and body piercing shops within its borders but restricts their location by zoning and distance requirements. Cleveland Codified Ordinance 343.11 permits tattooing and body piercing in general retail business districts, and Cleveland Codified Ordinance 343.11(b)(2)(P) specifically lists tattooing and body piercing as permitted uses within a general retail business district. However, such shops must not be within 1,000 feet of a residential district and other protected uses. Cleveland Codified Ordinance 347.12(b).
 {¶ 14} Moulagiannis's shop is located in a local retail business zoning district and is within 100-200 feet of a residence district and within 1,000 feet of several other residence districts. Accordingly, the proposed tattoo and body piercing shop does not conform to Cleveland Codified Ordinances 343.01 and 347.12(b).
 {¶ 15} Moulagiannis argues that the Cleveland zoning code implicitly permits tattooing and body piercing shops in local retail business districts. In support of his argument, Moulagiannis points to Cleveland Codified Ordinance 343.01(b)(7), which allows for "any other neighborhood store, shop, or service similar to the uses listed." Moulagiannis asserts that a tattooing and body piercing shop is just like the sale of clothing and accessories, just like the sale of gifts, and just like barber and beauty shop service establishments that are expressly provided for in Cleveland Codified Ordinance 343.01(b)(2). Moulagiannis cites to an unreported Rhode Island case in further support of his argument. Berghmanv. Stromberg (Nov. 30, 1979), R.I.C.A. No. 79-614. In Berghman, the Rhode Island Superior Court found that a tattoo use fell within a similarly worded general catch-all phrase of permitted uses. Tattooing was not specifically listed as a permitted use and it was not defined in the Rhode Island ordinance. However, the court reasoned that tattooing was sufficiently similar to cosmetology to qualify as a similar use. Id.
 {¶ 16} This case is easily distinguishable. Unlike Berghman, the Cleveland Codified Ordinance defines tattooing and body piercing shops and specifically provides for them in general retail business districts. Cleveland Codified Ordinance 343.11(b)(2)(P). Had the city of Cleveland intended to permit tattooing and body piercing shops in local retail business districts, they would have done so. Such shops are noticeably missing from the list of permitted uses within local retail business districts. Accordingly, Moulagiannis's proposed shop does not fall either expressly or implicitly within the provisions of the zoning code.
 {¶ 17} In his third, sixth, seventh, and eighth assignments of error, Moulagiannis argues that the BZA erred in failing to grant him a use variance and the trial court further erred in upholding the BZA's decision. These assignments all lack merit.
 {¶ 18} Interpretation of a city's ordinance presents a question of law that must be reviewed de novo. Lamar Outdoor Adver. v. City of DaytonBd. Of Zoning Appeals, Montgomery App. No. 18902, 2002-Ohio-3159.
 {¶ 19} Cleveland Codified Ordinance 329.03(c) requires that three specific conditions be met and proven by the applicant prior to the granting of a variance. Cleveland Codified Ordinance 329.03(b) limits the BZA's variance powers to cases where all the following conditions are satisfied:
"(1) The practical difficulty or unnecessary hardship inheres in and ispeculiar to the premises sought to be built upon or used because ofphysical size, shape or other characteristics of the premises or adjoiningpremises which differentiate it from other premises in the same districtand create a difficulty or hardship caused by the strict application ofthe provisions of the Zoning Code not generally shared by other land orbuildings in the same district;
 (2) Refusal of the variance appealed for will deprive the owner ofsubstantial property rights; and
 (3) Granting of the variance appealed for will not be contraryto the purpose and intent of the provisions of the zoning code."
 {¶ 20} Moulagiannis failed to satisfy the conditions required by Cleveland Codified Ordinances 329.03(1), (2), and (3) and therefore, the BZA properly denied his request for a use variance.
 {¶ 21} In his sixth assignment of error, Moulagiannis argues that "[t]he trial court and the Cleveland board of zoning appeals erred in ignoring Appellant's evidence of the unique characteristics of Appellant's premises, which differentiated it from other premises in the same district and created a difficulty or hardship caused by a strict application of the provisions of the Zoning Code not generally shared by other land or buildings in the same district."
 {¶ 22} The Ohio Supreme Court in Kisil v. City of Sandusky (1983),12 Ohio St.3d 30, 35, held that "practical difficulty" and "unnecessary hardship" apply to two different types of variances. The standard applied to variances related to use is "unnecessary hardship." Id. at 35. Pursuant to Cleveland Codified Ordinance 329.03(1), Moulagiannis was required to demonstrate evidence that an "unnecessary hardship" existed because of the property's physical size, shape, or other characteristics. Moulagiannis's counsel asserted that the property has a unique physical characteristic because it abuts a semi-industry district that acts as a buffer from the nearby residence district. Also, the premises was "not located within 1000 feet of either a daycare center, a kindergarten, an elementary or secondary school, a library, a church, a playground, a public or nonprofit recreation center or community center, other tattooing or body piercing use, or adult entertainment use." In addition, the premises had previously been zoned for semi-industry and then general retail business.
 {¶ 23} Moulagiannis's evidence does not rise to the level of unnecessary hardship. Moulagiannis imposed the hardship upon himself because he acquired his interest in the premises with full knowledge of the zoning classification. Consolidated Mgmt. v. City of Cleveland
(1983), 6 Ohio St.3d 238, 242. "Where a purchaser of commercial property acquires the premises with knowledge of the zoning restrictions, he has created his own hardship and generally cannot thereafter apply for a zoning variance based on such hardship. * * * The mere fact that appellees' property can be put to a more profitable use does not, in itself, establish an unnecessary hardship where less profitable alternatives are available within the zoning classification." Id. at 242.
 {¶ 24} There is no evidence in the record of an unnecessary hardship except of that imposed by Moulagiannis on himself. Accordingly, his sixth assignment of error is without merit.
 {¶ 25} In his seventh assignment of error, Moulagiannis argues that "[t]he trial court and the Cleveland board of zoning appeals erred in ignoring Appellant's evidence of the resulting deprivation of Appellant's substantial property rights, if the board were to deny Appellant's application."
 {¶ 26} Under Cleveland Codified Ordinance 329.03(b)(2), Moulagiannis was required to demonstrate evidence of the deprivation of substantial property rights that would result from the denial of the variance request. Moulagiannis can only allege economic hardship and, therefore, he has not met this burden.
 {¶ 27} Moulagiannis argues that prior to his tenancy, the premises had been vacant for eight years and that he had unsuccessfully attempted to make economically viable uses of the premises as a coffee shop, bakery, and barber shop. Additionally, Moulagiannis argues that without the variance, he will lose business and not be able to recoup his investment in remodeling and restoring the premises. This evidence does not rise to the level of substantial deprivation of property rights.
 {¶ 28} Moulagiannis is the current lessee of the property and still has the use of the premises for his retail business selling tattoo supplies and body-piercing jewelry. Furthermore, the financial hardship suffered by Moulagiannis was brought on by his own actions. Moulagiannis remodeled the premises with the intent of transforming it into a tattoo and body piercing shop with full knowledge of the zoning restrictions. He cannot now apply for a zoning variance based on this self-created economic hardship. Consolidated Mgmt., 6 Ohio St.3d at 242. Moulagiannis did not demonstrate a deprivation of substantial property rights and, therefore, his seventh assignment of error is without merit.
 {¶ 29} In his eighth assignment of error, Moulagiannis argues "[t]he trial court and the Cleveland board of zoning appeals erred in ignoring Appellant's evidence of how Appellant's proposed use was consistent with the purpose and intent of the Zoning code." Moulagiannis argues that tattooing and body piercing uses are permitted in a local retail business district and that granting a use variance would be consistent with the purpose and intent of the zoning code. We have already found that tattooing and body piercing shops are not expressly or implicitly included as permissible uses in local retail business districts and, therefore, the grant of this use variance would not be consistent with the purpose and intent of the zoning code.
 {¶ 30} In addressing Moulagiannis's remaining assignments of error, we shall use the abovementioned limited scope of review.
 {¶ 31} Moulagiannis's second, fourth, and fifth assignments of error allege that the trial court and the Cleveland BZA used impermissible reasons to deny his use variance. All three assignments of error are without merit.
 {¶ 32} Moulagiannis argues that the BZA and the trial court based their denial of his variance request on his existing permitted retail use, on councilperson Merle Gordon's opinion testimony, and on arbitrary health and safety concerns. During the public hearing on the variance request, BZA members expressed concern over the retail sale of tattooing and body piercing supplies as well as health and safety concerns for tattooing and body piercing shops. Additionally, councilperson Merle Gordon expressed the opinion that the variance request should be denied.
 {¶ 33} However, when the BZA denied Moulagiannis's variance request, it provided the reasons for its decision in its resolution. None of the impermissible reasons argued by Moulagiannis are present in this list. Moreover, the reasons provided by the BZA relate to the conclusion that tattooing and body-piercing shops are not permissible in a local retail business zoning district, especially when located within 100-200 feet of a residence district and within 1,000 feet of several residence districts. Accordingly, this court cannot say that the BZA's nor the trial court's decisions were not supported by a preponderance of reliable, probative and substantiated evidence.
 {¶ 34} In his third and final assignment of error, Moulagiannis argues that "[t]he trial court and the Cleveland board of zoning appeals erred in determining that Appellant's proposed use adversely affected nearby residential areas, where the board's determination was unsupported by a preponderance of substantial reliable and probative evidence in the record." This assignment lacks merit.
 {¶ 35} Neither the BZA resolution denying the variance nor the trial court's journal entry affirming that decision assert that the proposed use adversely affected nearby residential areas. Moulagiannis's brief does explain when and where such a determination occurred. Additionally, because Moulagiannis failed to provide this court with a transcript of the lower proceedings, we cannot determine that either the BZA or the trial court made such a determination. Therefore, Moulagiannis's final assignment of error is without merit.
 {¶ 36} For the reasons mentioned above, we affirm the decision of the BZA and the trial court denying Gus Moulagiannis's application for a use variance.
Appendix A: Assignments of Error
 "I. The trial court and the Cleveland board of zoning appeals erred indetermining that Appellant's proposed used was not permitted underCleveland Codified Ordinance 343.01(b)(7).
 II. The trial court and the Cleveland board of zoning appeals erred inusing Appellant's existing permitted retail use as a basis to denyAppellant's application.
 III. The trial court and the Cleveland board of zoning appeals erred indetermining that Appellant's proposed use adversely affected nearbyresidential areas, where the board's determination was unsupported by apreponderance of substantial reliable and probative evidence in therecord.
 IV. The trial court and the Cleveland board of zoning appeals erred inusing city councilperson Merle Gordon's opinion testimony, which opposedAppellant's proposed use, as a basis to deny Appellant's application.
 V. The trial court and the Cleveland board of zoning appeals erred inusing arbitrary health and safety concerns to deny Appellant'sapplication, when the Ohio Revised and Administrative Codes prescribedpreemptive and systematic health and safety regulations.
 VI. The trial court and the Cleveland board of zoning appeals erred inignoring Appellant's evidence of the unique characteristics ofAppellant's premises, which differentiated it from other premises in thesame district created a difficulty or hardship caused by a strictapplication of the provisions of the Zoning Code not generally shared byother land or buildings in the same district.
 VII. The trial court and the Cleveland board of zoning appeals erred inignoring Appellant's evidence of the resulting deprivation of Appellant'ssubstantial property rights, if the board were to deny Appellant'sapplication.
 VIII. The trial court and the Cleveland board of zoning appeals erredin ignoring Appellant's evidence of how Appellant's proposed use wasconsistent with the purpose and intent of the Zoning Code."
It is ordered that appellee shall recover of appellant costs herein taxed.
The court finds that there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Gallagher, P.J., And Calabrese Jr., J., Concur.