JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiffs-appellants, On Point Professional Body Art and Angela Paluch (collectively "appellants"), appeal from the order of the trial court affirming the decision of the defendant-appellee, City of Cleveland Board of Zoning Appeals ("BZA"), prohibiting the use of a tattoo and body piercing shop. For the reasons set forth below, we affirm.
 {¶ 2} Appellants previously operated a tattoo and body piercing shop at East 30th Street and Payne Avenue in Cleveland, Ohio, such use being permitted via a variance. Appellants, seeking to relocate their operations to 15709 Lorain Avenue, Cleveland, Ohio, otherwise known as the Kamm's Corners Business Revitalization District ("Kamm's Corners District"), maintain they contacted Cleveland City Hall, which informed them they could transfer their tattoo and body piercing license to the Kamm's Corners District. As a result of City Hall's alleged approval, appellants acquired a lease for property in the area. Prior to moving into the new location, a representative of the local development corporation informed the building owner that appellants would need to obtain a use variance to operate a tattoo and body piercing shop on the premises.
 {¶ 3} Appellants, therefore, applied to the BZA to obtain a use variance for the Kamm's Corners property as a tattoo and body piercing shop. The BZA denied the application, citing Cleveland Codified Ordinance ("C.C.O.") 347.12(b)(1), which prohibits tattooing and body piercing use within 1,000 feet of a residential district, elementary or secondary school, library, church, or a public or nonpublic recreation center. It is undisputed that appellants' establishment is within 1,000 feet of a residential district, elementary school, library, church and YMCA/YWCA.
 {¶ 4} Therefore, appellants appealed to the BZA for a variance. The BZA held a hearing on the matter on November 15, 2004. During the hearing, the BZA was presented with testimony and evidence provided by Angela Paluch, appellant, and Tracy Brown, the owner of the premises. Appellants provided plans for the structure of the shop, reasons in support of granting the variance, as well as evidence in support of the use variance from members of the nearby community. Councilman Michael Dolan, Cindy Jamis, Kamm's Corners CDC, Pastor Robert Farro, and Elizabeth Kudkla, City Planning, presented opposition to the proposed use variance and requested a denial of the variance. On November 22, 2004, the BZA issued a denial of appellants' request for a variance and conclusions of fact in support of its decision.
 {¶ 5} On December 27, 2004, appellants filed a timely notice of appeal to the common pleas court. On or about March 31, 2005, the BZA filed a motion to dismiss appellants' appeal on grounds that the filing of the notice of appeal was untimely. The common pleas court denied the BZA's motion to dismiss. On December 27, 2005, the common pleas court affirmed the order of the BZA, finding that the BZA's decision was "not unconstitutional, unreasonable, nor unsupported by a preponderance of substantial, reliable, and probative evidence on the whole record."
 {¶ 6} Appellants now appeal to this court and assert two assignments of error for our review. Appellants' first assignment of error states:
 {¶ 7} "The trial court erred in not finding that the decision of the board of zoning appeals was arbitrary, unreasonable and without substantial relation to the public health, safety, moral, or general welfare of the community."
 {¶ 8} With regard to a common pleas court's review of an order from any board of a political subdivision, R.C. 2506.04
provides that the common pleas court "may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record." Dudukovich v. Lorain Metro. Hous. Auth.
(1979), 58 Ohio St.2d 202, 207, 389 N.E.2d 1113. If there is in the record a preponderance of reliable, probative, and substantial evidence to support the administrative decision, the common pleas court must affirm. See id.; In re Jones (1990),69 Ohio App.3d 114, 118, 590 N.E.2d 72. While the hearing before the trial court resembles a de novo proceeding, "[a] court of common pleas should not substitute its judgment for that of an administrative board, such as the board of zoning appeals, unless the court finds that there is not a preponderance of reliable, probative and substantial evidence to support the board's decision." Kisil v. City of Sandusky (1984), 12 Ohio St.3d 30,34; 465 N.E.2d 848. Moreover, the trial court must presume that the board's determination is valid unless the party opposing the determination can demonstrate that the determination is invalid.Rotellini v. West Carrollton Bd. of Zoning Appeals (1989),64 Ohio App.3d 17, 21, 580 N.E.2d 500.
 {¶ 9} In Henley v. City of Youngstown Board of ZoningAppeals, 90 Ohio St.3d 142, 147, 2000-Ohio-493, 735 N.E.2d 433, the Supreme Court of Ohio distinguished the standard of review to be applied by common pleas courts and courts of appeals in R.C. 2506 appeals. The court stated:
 {¶ 10} "Construing the language of R.C. 2506.04, we have distinguished the standard of review to be applied by common pleas courts and courts of appeals in R.C. Chapter 2506 administrative appeals. The common pleas court considers the `whole record,' including any new or additional evidence admitted under R.C. 2506.03, and determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence."
 {¶ 11} "The standard of review to be applied by the court of appeals in an R.C. 2506.04 appeal is `more limited in scope.' `This statute grants a more limited power to the court of appeals to review the judgment of the common pleas court only on "questions of law," which does not include the same extensive power to weigh "the preponderance of substantial, reliable and probative evidence," as is granted to the common pleas court.' `It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court. * * * The fact that the court of appeals, or this court, might have arrived at a different conclusion than the administrative agency is immaterial. Appellate courts must not substitute their judgment for those of an administrative agency or a trial court absent the approved criteria for doing so.'" Id. (citations omitted.)
 {¶ 12} Within this assignment of error, appellants assert that the trial court erred in affirming the BZA's decision denying appellants' request for a use variance for a tattoo and body piercing shop. We disagree and find that appellants have failed to demonstrate that the decision of the board was not supported by the preponderance of substantial, reliable and probative evidence.
 {¶ 13} C.C.O. 347.12(b) prohibits tattooing and body piercing shops within 1,000 feet of a residential district and other protected uses. Appellants' shop is located in Kamm's Corner District, which abuts a residential district. The shop is also within the required 1,000 foot distance from an elementary school, a public library, a church and a YMCA/YWCA facility. Accordingly, the proposed tattoo and body piercing shop does not comply with C.C.O. 347.12(b).
 {¶ 14} Therefore, in order to establish a tattoo and body piercing shop within the Kamm's Corner District, the BZA must grant appellants a use variance. Prior to granting a variance, C.C.O. 329.03(c) mandates that the BZA find that appellants presented evidence establishing the three conditions proffered in C.C.O. 329.03(b). These three conditions are:
 {¶ 15} "(1) The practical difficulty or unnecessary hardship inheres in and is peculiar to the premises sought to be built upon or used because of physical size, shape or other characteristics of the premises or adjoining premises which differentiate it from other premises in the same district and create a difficulty or hardship caused by the strict application of the provisions of the Zoning Code not generally shared by other land or buildings in the same district;
 {¶ 16} (2) Refusal of the variance appealed for will deprive the owner of substantial property rights; and
 {¶ 17} (3) Granting of the variance appealed for will not be contrary to the purpose and intent of the provisions of the zoning code."
 {¶ 18} The BZA must deny appellants' request for a variance if they fail to satisfy even one of these requirements. In reAppeal of Univ. Circle Inc. (Jan. 12, 1978), Cuyahoga App. No. 36612. For the following reasons, we find that appellants have failed to meet their burden of proving any of the requirements required by C.C.O. 329.03(b). Hence, the BZA correctly denied their request for a use variance.
 {¶ 19} Appellants contend that their use of the premises is substantially limited and the application of the ordinance creates a difficulty and hardship upon appellants. The Supreme Court of Ohio has previously found that "practical difficulty" and "unnecessary hardship" apply to two different types of variances. Kisil v. City of Sandusky (1983), 12 Ohio St.3d 30,35, 465 N.E.2d 848; Moulagiannis v. City of Cleveland Bd. ofZoning Appeals, Cuyahoga App. No. 84922, 2005-Ohio-2180. The standard of "unnecessary hardship" applies to variances related to use; the type of variance appellants request. Id. Accordingly, pursuant to C.C.O. 329.03(b)(1), appellants are required to establish that an "unnecessary hardship" existed because of the property's physical size, shape or other characteristics.
 {¶ 20} In asserting that the ordinance creates an unnecessary hardship, appellants argue that a tavern selling liquor is next door and a headshop allegedly selling drug paraphernalia is across the street. Consequently, appellants maintain, they have suffered an unnecessary hardship because they have been treated differently than other similar establishments.
 {¶ 21} Appellants' evidence does not constitute an unnecessary hardship. A tattoo and body piercing shop, which permanently alters a customer's physical appearance, is not similar to two establishments selling goods. Accordingly, any alleged hardship upon appellants is necessary, not unnecessary, for the health and safety of the community.
 {¶ 22} Next, we find appellants have failed to establish they were deprived of substantial property rights that would result from the denial of the requested variance. Appellants maintain that, without the variance, they will not be able to sustain a livelihood. Further, appellants assert that they relocated their business to the Kamm's Corners District only after City Hall advised them they could transfer their business. This evidence does not constitute a substantial deprivation of property rights.
 {¶ 23} Appellants currently lease the property and still have the use of the premises for their retail business selling jewelry. Furthermore, appellants brought any alleged financial hardship upon themselves. Appellants relocated their business fully aware of zoning restrictions and the need to obtain a variance. During the BZA hearing, appellants admitted they were aware of the requirement to obtain a variance because they had a previous tattoo and body piercing shop in Cleveland. Appellants, however, assumed they would be able to obtain a variance in the Kamm's Corner District because they were successful in obtaining one on Payne Avenue in Cleveland. Appellants cannot now claim they need a variance as a result of this self-inflicted financial hardship. "Where a purchaser of commercial property acquires the premises with knowledge of the zoning restrictions, he has created his own hardship and generally cannot thereafter apply for a zoning variance based on such hardship." ConsolidatedManagement, Inc. v. City of Cleveland (1983), 6 Ohio St.3d 238,242, 452 N.E.2d 1287. Therefore, we find that appellants failed to establish a deprivation of substantial property rights.
 {¶ 24} Finally, appellants maintain that the granting of the variance will not be contrary to the purpose and intent of the provisions of the zoning code. We find that C.C.O. 347.12(b) expressly excludes tattoo and body piercing shops within 1,000 feet of a residential district and other protected uses. It is undisputed that the appellants' shop abuts a residential district and is located within 1,000 feet of an elementary school, public library, church and YMCA/YWCA. Therefore, the grant of the variance would not be consistent with the purpose and intent of the provisions of the zoning code.
 {¶ 25} Having found that appellants failed to establish the requirements of C.C.O. 329.03(b), we conclude that the BZA's and the trial court's denial of their request for a variance is supported by a preponderance of reliable, probative and substantial evidence. Therefore, appellants' first assignment is without merit.
 {¶ 26} Appellants' second assignment of error states:
 {¶ 27} "The trial court erred in not finding that the operation of the ordinance is unconstitutional and deprives appellants of equal protection of the law."
 {¶ 28} Within this assignment of error, appellants maintain that they were denied equal protection under the law pursuant to the Equal Protection Clause of the Fourteenth Amendment, Section 1. Appellants contend that a tavern and headshop were permitted to operate in the same area appellants were denied access. For the following reasons, we find appellants' argument without merit.
 {¶ 29} The Equal Protection Clause mandates that no state shall "deny to any person within its jurisdiction the equal protection of the laws." This clause does not invalidate all legislative classifications. Beatty v. Akron City Hosp. (1981),67 Ohio St.2d 483, 491, 424 N.E.2d 586. Rather, the clause guarantees that government decisionmakers do not treat differently persons who are in all relevant respects alike. F.S.Royster Guano Co. v. Virginia (1920), 253 U.S. 412, 415, 64 L.Ed. 989, 40 S.Ct. 560.
 {¶ 30} In the case sub judice, we cannot find a tavern and headshop in all relevant respects similar to a tattooing and body piercing shop. As previously stated, a tattoo and body piercing shop permanently alters a customer's physical appearance, while a tavern and headshop merely sell goods.
 {¶ 31} Furthermore, had we found the other two establishments similarly situated to a tattoo and body piercing shop, we nevertheless would reject appellants' equal protection argument because they have failed to present evidence of intentional or purposeful discrimination. The "`burden of showing discriminatory enforcement is a heavy one and is not satisfied by a mere showing that others similarly situated have not been' treated in the same manner." Scafaria v. City of Fairview Park (Nov. 12, 1992), Cuyahoga App. No. 61008, quoting Elsaesser v. Hamilton Bd. ofZoning Appeals (1990), 61 Ohio App.3d 641, 648-649,573 N.E.2d 733. In order to establish a denial of equal protection, appellants must be able to demonstrate intentional or purposeful discrimination. Snowden v. Hughes (1944), 321 U.S. 1, 8, 88
L.Ed. 497, 64 S.Ct. 397; Cahill v. Lewisburg (1992),79 Ohio App.3d 109, 116, 606 N.E.2d 1043. In the instant action, appellants have not proffered any evidence of intentional or purposeful discrimination. Accordingly, appellants' second assignment of error is sustained.
Judgment affirmed.
It is ordered that appellee recover from appellants costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Calabrese, Jr., J., concurs Cooney, j., concurs in judgment only.