JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Plaintiff-appellant, City of Cleveland (the "City"), appeals the trial court's order affirming the decision of the City of Cleveland Board of Zoning Appeals (the "Board") granting defendants-appellees, Patrick Realty and #1 Media, aka Josie G. Inc. ("#1 Media") (collectively "appellees") two variances to erect a billboard. For the reasons set forth below, we reverse and final judgment is entered for the City.
 {¶ 2} Patrick Realty owns, and #1 Media leases, the property at 4974 Broadview Road in Cleveland, Ohio ("Broadview Property"). The Broadview Property is located in a general industry district and its permanent parcel number is 011-30-002. On November 12, 2006, appellees applied for a permit through the City of Cleveland's Department of Building and Housing "to build on the Property a full-flag, single-pole billboard structure with two illuminated 14' x 48' sign faces in a 20' `V configuration as per plans." The billboard would be placed within 500 feet of two existing billboards on the same side of the freeway and the proposed height would be 90 feet.
 {¶ 3} On December 12, 2006, the City denied appellees' application and issued a notice of non-conformance. The City explained that the denial was predicated on Cleveland Codified Ordinance ("C.C.O.") 350.10(d), which limits the height of billboards above a roadway's surface to 50 feet, and C.C.O. 350.10(e), which regulates the minimum distance between billboards located on the same side of the street to 1,400 feet.
 {¶ 4} On December 12, 2006, appellees appealed to the Board. The Board conducted two public hearings on January 8, 2007 and February 20, 2007. At the hearings, appellees *Page 4 
slightly modified the proposed height of the billboard to 80 feet, still over the 50 feet maximum allowed pursuant to C.C.O. 350.10(d).
 {¶ 5} Additionally, appellees presented evidence that the City of Cleveland committed to developer Scott Wolstein premises in the Flats for purposes of a multi-use redevelopment. As a result of the Wolstein Flats renovation plan, the City sought to take, by eminent domain proceedings, land in the Flats upon which an existing billboard of Patrick Realty is located. Patrick Realty agreed not to pursue any litigation as a result of that taking if it were granted two variances to erect a billboard on the Broadview Property. Accordingly, various Cleveland area councilmen offered their support of the variances, arguing that the variances would prevent litigation from Patrick Realty regarding the Wolstein Flats renovation.
 {¶ 6} After the second hearing, the Board granted appellees' variances requests on the condition that appellees submit a written statement agreeing to advertising content restrictions on the billboard. On March 26, 2007, however, the Board ratified their decision and granted appellees' requests for variances without satisfaction of the condition.
 {¶ 7} The City appealed the Board's decision to the Cuyahoga County Court of Common Pleas on April 9, 2007 and filed a motion to stay execution of judgment pending appeal with the Board. The Board granted the motion to stay that same day. *Page 5 
 {¶ 8} On August 13, 2007, the court of common pleas affirmed the decision of the Board. On September 12, 2007, the court also granted the City's motion to stay execution of judgment.
 {¶ 9} The City now appeals and asserts five assignments of error for our review. The City's first assignment of error states:
 {¶ 10} "The Court of Common Pleas and the Cleveland Board of Zoning Appeals erred in determining that the Board's decision was supported by a preponderance of substantial reliable and probative evidence in the record."
 {¶ 11} The City's second assignment of error states:
 {¶ 12} "The Court of Common Pleas and the Cleveland Board of Zoning Appeals erred in determining that a practical difficulty or unnecessary hardship existed with respect to the property to be built on."
 {¶ 13} In the interests of convenience, we will address the City's first and second assignments of error together.
 {¶ 14} With regard to a common pleas court's review of an order from any board of a political subdivision, R.C. 2506.04 provides that the common pleas court "may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record." Dudukovich v. Lorain Metro. Hous.Auth. (1979), 58 Ohio St.2d 202, 207, 389 N.E.2d 1113. If the record contains a preponderance of reliable, *Page 6 
probative, and substantial evidence to support the administrative decision, the common pleas court must affirm. See id., In re Jones
(1990), 69 Ohio App.3d 114, 118, 590 N.E.2d 72. While the hearing before the trial court resembles a de novo proceeding, "a court of common pleas should not substitute its judgment for that of an administrative board, such as the board of zoning appeals, unless the court finds that there is not a preponderance of reliable, probative and substantial evidence to support the board's decision." Kisil v. Sandusky (1984),12 Ohio St.3d 30, 34, 465 N.E.2d 848. Moreover, the trial court must presume that the board's determination is valid unless the party opposing the determination can demonstrate otherwise. Rotellini v. West CarrolltonBd. of Zoning Appeals (1989), 64 Ohio App.3d 17, 21, 580 N.E.2d 500.
 {¶ 15} In Henley v. Youngstown Board of Zoning Appeals,90 Ohio St.3d 142, 147, 2000-Ohio-493, 735 N.E.2d 433, the Supreme Court of Ohio distinguished the standard of review to be applied by common pleas courts and courts of appeals in R.C. 2506 appeals. The court stated:
 {¶ 16} "Construing the language of R.C. 2506.04, we have distinguished the standard of review to be applied by common pleas courts and courts of appeals in R.C. Chapter 2506 administrative appeals. The common pleas court considers the `whole record,' including any new or additional evidence admitted under R.C. 2506.03, and determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence." *Page 7 
 {¶ 17} "The standard of review to be applied by the court of appeals in an R.C. 2506.04 appeal is `more limited in scope.' `This statute grants a more limited power to the court of appeals to review the judgment of the common pleas court only on "questions of law," which does not include the same extensive power to weigh "the preponderance of substantial, reliable and probative evidence," as is granted to the common pleas court.' `It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court. * * * The fact that the court of appeals, or this court, might have arrived at a different conclusion than the administrative agency is immaterial. Appellate courts must not substitute their judgment for those of an administrative agency or a trial court absent the approved criteria for doing so.'" Id. (citations omitted.)
 {¶ 18} Within this assignment of error, the city maintains that the trial court erred in affirming the Board's decision granting appellees' request for two variances for a billboard on the Broadview Property. We agree. The trial court should have found the decision of the Board to be "unsupported by the preponderance of substantial, reliable and probative evidence on the whole record."
 {¶ 19} C.CO. 350.10(d) limits the height of billboards above a roadway's surface to 50 feet. Additionally, C.C.O. 350.10(e) mandates the minimum distance between billboards located on one side of the road to 1,400 feet. Appellees proposed that their billboard would be 80 feet tall and within 500 feet of two billboards located on the same side of the road. Consequently, the proposed billboard did not comply with C.C.O. 350.10(d) and (e). *Page 8 
Therefore, in order to construct a billboard on the Broadview Property, appellees must have been granted two use variances; one as to the distance of the proposed billboard from the existing two billboards, and another as to the height of the proposed billboard.
 {¶ 20} Prior to granting the variances, C.C.O. 329.03(c) mandates that the Board find that appellees presented evidence establishing the three conditions proffered in C.C.O. 329.03(b). These conditions are:
 {¶ 21} "(1) The practical difficulty or unnecessary hardship inheres in and is peculiar to the premises sought to be built upon or used because of physical size, shape or other characteristics of the premises or adjoining premises which differentiate it from other premises in the same district and create a difficulty or hardship caused by the strict application of the provisions of the Zoning Code not generally shared by other land or buildings in the same district;
 {¶ 22} "(2) Refusal of the variance appealed for will deprive the owner of substantial property rights; and
 {¶ 23} "(3) Granting of the variance appealed for will not be contrary to the purpose and intent of the provisions of the zoning code."
 {¶ 24} Appellees had the burden of establishing all three conditions proffered in C.C.O. 329.03(b). In re Appeal of Univ. Circle Inc. (Jan. 12, 1978), Cuyahoga App. No. 36612. If appellees failed to establish even one of these requirements, the Board should have denied appellees' request for a variance. Id. *Page 9 
 {¶ 25} With regard to the first requirement of C.C.O. 329.03, "practical difficulty" and "unnecessary hardship" apply to two different types of variances. Kisil v. Sandusky (1983), 12 Ohio St.3d 30, 35,465 N.E.2d 848; Moulagiannis v. Cleveland Bd. of Zoning Appeals, Cuyahoga App. No. 84922, 2005-Ohio-2180. The standard of "practical difficulty" applies to variances related to area while the standard of "unnecessary hardship" applies to variances related to use.
 {¶ 26} "A use variance allows a landowner to use existing property in a manner that is inconsistent with uses of surrounding property and is not permitted by a zoning regulation. An area variance authorizes deviations from restrictions upon the construction and placement of buildings and other structures such as modification of area, yard, height, floor space, frontage, density, setback and similar restrictions." Dsuban v. Union Township Bd. of Zoning Appeals (2000),140 Ohio App.3d 602, 606,748 N.E.2d 597; see, also, C.C.O. 329.03(d).
 {¶ 27} In this case, appellees sought two use variances. See C.C.O. 329.03(d); T.T.R. Media, L.L.C. v. Village of Bratenahl, Cuyahoga App. No. 79308, 2002-Ohio-17 (use variance needed for erection of billboard). Therefore, pursuant to C.C.O. 329.03(b)(1), appellees were required to establish that an "unnecessary hardship" existed in the property's physical size, shape or other characteristics.
 {¶ 28} For the following reasons, we find that appellees failed to establish the existence of an unnecessary hardship inherent in and peculiar to the Broadview Property. *Page 10 
Instead, they only presented evidence that the hardship incurred was the result of the taking of the land in the Flats. Hence, the Board erred in granting appellees the two use variances.
 {¶ 29} Appellees presented evidence at the Board hearings that the city of Cleveland committed to developer Scott Wolstein premises in the Flats for purposes of a multi-use redevelopment. As a result of the Wolstein Flats renovation plan, the city sought to take, by virtue of eminent domain, land in the flats upon which an existing billboard of Patrick Realty is located. Patrick Realty agreed not to pursue any litigation as a result of that taking if it were granted two use variances to erect a billboard on the Broadview Property. Various Cleveland councilmen offered their support of the variances at the hearing, arguing that the variances would curtail litigation from Patrick Realty regarding the eminent domain proceedings.
 {¶ 30} At the hearing, appellees maintained that the application of C.C.O. 350.10(d) and (e) creates a hardship upon them because they will suffer an economic hardship by the loss of the profits from the eminent domain taking of the billboard in the Flats, and that they will be forced to be involved in litigation in the Flats matter if the variances are not granted.
 {¶ 31} In granting the two use variances, the Board stated:
 {¶ 32} "The property in question, permanent parcel number 011-30-002, is proposed as the relocation site for a newly constructed billboard, which would remedy a hardship created by removal of an existing billboard from property along Old River Road in the Flats East Bank that is involved with a potential redevelopment project." *Page 11 
 {¶ 33} In this case, the court incorrectly applied the standards set forth in C.C.O. 329.03(b)(1) to the facts of this case. During the hearings, appellees only presented evidence that the taking of the land in the Flats where Patrick Realty's billboard is located would constitute a hardship upon them. They did not present any other evidence or make any other argument regarding the Broadview Property land in support of their contention of hardship. Furthermore, as evidenced by the Board's findings, the Board only relied on the argument that the taking of the land in the Flats was the hardship appellees would encounter should the Board decide not to grant the variances. We find the Board's decision in this regard contrary to C.C.O. 329.03(b)(1).
 {¶ 34} The taking of land in the Flats is not a factor to be considered in evaluating the merits of a variance request under C.C.O. 329.03(b). C.C.O. 329.03(b)(1) specifies that the property owner must demonstrate that there is a difficulty or hardship which "inheres in andis peculiar to the premises" that differentiates it from the other premises in the same district. C.C.O. 329.03(b)(1). Based on the record below, appellees have only demonstrated that a hardship exists due to the removal of the Patrick Realty's billboard from the Flats; they have not shown that a hardship exists due to the nature of the Broadview Property as mandated by C.C.O. 329.03(b)(1). It is not the plight of the owner, but the characteristics of the property itself that determines whether a variance is warranted. Accordingly, we find appellees failed to present any evidence establishing the first requirement proffered in C.C.O. 329.03(b). *Page 12 
 {¶ 35} Because appellees failed to establish the first requirement in C.C.O. 329.03(b), the trial court should have found that "there is not a preponderance of reliable, probative and substantial evidence to support the board's decision." Kisil, supra. Appellant's first and second assignments of error are sustained. The judgment of the common pleas court affirming the Board's granting of the two variances in this case is reversed and final judgment is entered for the City.
 {¶ 36} Additionally, our determination finding the trial court's decision erroneous renders appellant's third, fourth and fifth assignments of error[1] moot. Accordingly, we decline to address their merits pursuant to App. R. 12(A).
 {¶ 37} This cause is reversed and final judgment entered in favor of appellant.
It is, therefore, considered that said appellant recover of said appellees their costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. *Page 13 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA ANN BLACKMON, P.J., and MELODY J. STEWART, J., CONCUR
[1] "III. The Court of Common Pleas and the Cleveland Board of Zoning Appeals erred in determining that a refusal of the variance appealed for would deprive the Appellees of substantial property rights."
"IV. The Court of Common Pleas and the Cleveland Board of Zoning Appeals erred by ignoring the fact that the Appellees provided no evidence that their proposed use was consistent with the purpose and intent of the Zoning Code."
"V. The Court of Common Pleas abused its discretion by relying on the findings and arguments contained in the Appellees' Reply Brief instead of the record from the Board of Zoning Appeals." *Page 1