RASHID, APPELLANT, *v.* THE STATE OF OHIO, LIQUOR CONTROL COMMISSION, ET AL., APPELLEES.

(No. CA-7469 — Decided June 27, 1988.)

*John F. Boggins,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, *Nathan Gordon* and *Kurt O. Gearhiser,* for appellee Liquor Control Commission.

*W. Scott Gwin* and *Robert Rubin,* for appellee city of Canton.

MILLIGAN, P.J. On December 24, 1986, the Director of the Department of Liquor Control, following a hearing, issued an order denying a renewal of the liquor permit of appellant, Basim Rashid, pursuant to R.C. 4303.292 (A)(1)(b) and 4303.292(A)(2)(c).

Rashid appealed the director's

order to the Liquor Control Commission which held a hearing on March 25, 1987.

The commission ordered, *inter alia*, that:

"* * * [T]he order of the Director of Liquor Control should be reversed and the appellant is entitled to the renewal of the aforementioned permits on condition that a transfer of location application is filed within sixty (60) days of the mailing date of this order, to wit, commencing on April 15, 1987, and terminating on June 14, 1987."

Rashid appealed to the Stark County Court of Common Pleas, which affirmed the commission's order, finding that the order was supported by reliable, probative and substantial evidence and was in accordance with law.

The appellant assigns two errors:

### Assignment of Error No. I

"The trial court erred by affirming the order of the Liquor Control Commission which required the transfer of the liquor permit within sixty days after it had reversed the order of the Director of Liquor Control and ordered renewal."

### Assignment of Error No. II

"The court erred in denying the motion for separate findings of fact and conclusions of law in finding that it was not the trier of facts."

With respect to the second assignment of error, we hold that the trial court did not err in failing to make separate findings of fact and conclusions of law since this action came to the court of common pleas as an appeal from administrative adjudication and the court, thus, heard no additional evidence. See R.C. 119.12.

Appellant challenges the authority of the Liquor Control Commission to grant a *conditional* liquor permit.

The commission is a creature of statute and must extrapolate its power and authority to act from the enabling legislation, R.C. 4301.04. That statute provides in part:

"The liquor control commission has the following powers which it may exercise by the vote of a majority of the commissioners:

"(A) To suspend, revoke, and cancel permits. * * *

"(B) To consider, hear, and determine all appeals authorized by Chapters 4301. and 4303. of the Revised Code, to be taken from any decision, determination, or order of the department * * *."

The issue appears untested in Ohio.

We find no authority for the Liquor Control Commission to grant conditional permits. The commission's authority is limited to the suspension, revocation, and cancellation of permits. R.C. 4301.04(A).

In addition, R.C. 4301.03 provides that the Liquor Control Commission may adopt "rules, standards, requirements, and orders" necessary to carry out R.C. Chapters 4301 and 4303. However, there is no rule adopted by the commission authorizing conditional permits. The legislative grant of rule-making authority does not authorize an administrative agency to bootstrap itself by claiming that an order in a specific case amounts to a rule or general order of the agency. R.C. 4301.03 contemplates a formalized procedure for the adoption of generic rules for the Liquor Control Commission in accordance with the Administrative Procedure Act, R.C. Chapter 119. See 2 Ohio Jurisprudence 3d (1977) 223, Administrative Law, Section 62.

Although it is clear that traffic in liquor is subject to the legitimate police power of the state so that it may prescribe reasonable conditions without running afoul of constitutional due process protections, it does not

follow that R.C. 4301.04(A) subsumes additional licensing authority. Compare *Ziffrin, Inc.* v. *Reeves* (1939), 308 U.S. 132; *Crowley* v. *Christensen* (1890), 137 U.S. 86; and *Lewis* v. *Grand Rapids* (C.A. 6, 1966), 356 F. 2d 276.

Nor does the argument that a permitee consents to abide by the statutes and regulations avail the commission. Compare *Salem* v. *Liquor Control Comm.* (1973), 34 Ohio St. 2d 244, 246-247, 63 O.O. 2d 387, 389, 298 N.E. 2d 138, 140-141; and *Angola Corp.* v. *Liquor Control Comm.* (1972), 33 Ohio App. 2d 87, 90, 62 O.O. 2d 142, 144, 292 N.E. 2d 886, 889.

If the legislature intends the commission to have case-by-case administrative appeal jurisdiction to grant conditional permits, the legislature knows how to accomplish that task. Compare R.C. 119.12.

For these reasons, we sustain the first assignment of error, find that the order of the Liquor Control Commission is contrary to law, vacate the judgment of the Stark County Court of Common Pleas, and remand this cause to the Liquor Control Commission for further proceedings consistent with its statutory authority, this opinion and the law.

*Judgment accordingly.*

HOFFMAN and TURPIN, JJ., concur.