**In re KRALIK, Appellant;**

**State Medical Board of Ohio, Appellee.**

[Cite as *In re Kralik* (1995), 101 Ohio App.3d 232.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 94APE05–685.

Decided Feb. 21, 1995.

*Reminger & Reminger Co., L.P.A., Thomas D. Hunter* and *Kevin P. Foley,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Anne Berry Strait,* Assistant Attorney General, for appellee.

STRAUSBAUGH, Judge.

Appellant, Rita M. Kralik, M.D., appeals from a decision of the Franklin County Court of Pleas affirming an order of appellee, the State Medical Board of Ohio, indefinitely suspending appellant's license to practice medicine and surgery.

Appellant asserts the following assignments of error:

Assignment of Error No. 1

"The trial court erred in finding that the State Medical Board of Ohio did not waive the confidentiality of its investigatory file pursuant to R.C. § 4731.22(C)(1) where this information was distributed to third parties, including various medical experts and the appellant's attorney."

Assignment of Error No. 2

"The trial court erred in finding the appellant's due process rights to a fair hearing and reasonable opportunity to cross examine witnesses was not violated."

On June 19, 1992, the board notified appellant that she was summarily suspended from the practice of medicine and surgery. The board's notice stated that the board had ordered her to undergo a psychiatric evaluation based on one or more of several reasons which it set forth: numerous opinions of her professional colleagues that she required psychiatric assistance; an April 14, 1992 incident when appellant behaved in a "bizarre, hysterical" manner in the office of another physician; a second incident on April 14, 1992 when appellant went to a second physician's office and behaved hysterically and was forcibly removed " 'in a semi-hysterical and incoherent state' "; and the summary suspension of her medical staff membership and privileges at Meridia Hillcrest Hospital " 'based on [her] behavior the past years.' " The notice also informed appellant that the psychiatrist who examined her, Dr. Brook, made a working diagnosis for her of paranoid personality disorder and recommended intensive psychiatric care for her. Brook concluded that appellant was unable to practice according to acceptable and prevailing standards of care due to her mental illness and that her continued practice posed immediate and serious harm to the public. Accordingly,

in the language of R.C. 4731.22(B)(19), the board notified appellant that she was unable to "practice according to acceptable and prevailing standards of care by reason of mental illness or physical illness, including, but not limited to, physical deterioration that adversely affects cognitive, motor, or perceptive skills."

A hearing was held regarding the allegations before a hearing examiner. The hearing examiner issued a report and recommendation which concluded that appellant was unable to practice according to acceptable and prevailing standards of care by reason of mental illness or physical illness. In her proposed order, the hearing examiner recommended that appellant's license be suspended indefinitely and set forth requirements for appellant to satisfy before consideration of reinstatement of her license.

At its March 10, 1993 meeting, the board considered and adopted the referee's report and recommendation. The board issued an order in accordance with the hearing examiner's recommendation, which indefinitely suspended appellant from the practice of medicine and surgery in Ohio.

The Franklin County Court of Common Pleas upheld the board's order.

The genesis of appellant's suspension was a fracture she sustained to her right wrist in November 1990. This was her second wrist fracture in less than one year; in March 1990, appellant had fractured her left wrist. Both fractures resulted from falls while ice skating. Dr. Nice, an orthopedic surgeon, treated appellant for both fractures. Appellant became dissatisfied with Nice's treatment of her fractures. Appellant's dissatisfaction resulted in a course of behavior between November 1990 and April 1992 that led to her suspension.

Appellant's assignments of error concern her hearing before a board examiner. The board called two expert witnesses to testify at the hearing: Dr. Brook and Dr. Hall. Brook was the psychiatrist who had examined appellant for the board and who had concluded that she suffered from paranoid personality disorder. Hall was the psychologist who had examined appellant at Dr. Brook's request and who had administered a Rorschach (ink blot) test to appellant. At the hearing it was learned that the board had provided Brook with its investigative material. Brook had in turn provided this information to Hall. While appellant's attorney was able to look through the material at the hearing and cross-examine Brook in a cursory manner about his reliance on the information, appellant was not allowed to admit the material into evidence and was not given the opportunity to thoroughly review the material.

■ The present appeal comes to this court pursuant to R.C. 119.12, which governs administrative appeals. A limited standard of review applies to an R.C. 119.12 appeal from a common pleas court judgment to a court of appeals. When considering questions of fact, a court of appeals is limited to determining whether

the common pleas court abused its discretion. *In re Raymundo* (1990), 67 Ohio App.3d 262, 586 N.E.2d 1149. When considering questions of law, the review is plenary. *Liss v. State Med. Bd. of Ohio* (Sept. 24, 1992), Franklin App. No. 91AP–1281, unreported, 1992 WL 238884, citing *Univ. Hosp., Univ. of Cincinnati College of Medicine v. State Emp. Relations Bd.* (1992), 63 Ohio St.3d 339, 587 N.E.2d 835; *In re Raymundo, supra.*

In her first assignment of error, appellant asserts that privilege of confidentiality bestowed upon the board's investigatory files by R.C. 4731.22(C)(1) was waived when the board provided the material to its expert witness and to appellant's attorney.

The second paragraph of R.C. 4731.22(C)(1) states: "Information received by the board pursuant to an investigation shall be confidential and not subject to discovery in any civil action." The Ohio Supreme Court has interpreted this language to mean that "such information is to be kept confidential at all times and is not, under any circumstances, including the issuance of a protective order, discoverable in a civil action." *State Med. Bd. of Ohio v. Murray* (1993), 66 Ohio St.3d 527, 536, 613 N.E.2d 636, 642–643.

■ As the board has argued, the confidentiality privilege which attaches to its investigative files logically addresses the privacy rights of several groups: investigation witnesses, patients, physicians under investigation, and any other person whose confidentiality right is implicated by a board investigation. The persons who possess the confidentiality privilege must waive the privilege.

■ The hearing transcript indicates that the investigative file at issue was that generated by the board when it investigated Dr. Nice. There is no evidence in the record that Nice has waived his confidentiality privilege. Accordingly, the board improperly provided the file to Brook. Because the confidentiality privilege is not the board's, the board's act of providing the file to Brook did not waive the confidentiality privilege.

The hearing examiner correctly ruled that the investigative file retained its privileged status. Appellant's first assignment of error is overruled.

In her second assignment of error, appellant asserts that the hearing examiner's refusal to afford appellant a full opportunity to properly confront all of the witnesses against her violated her due process rights. This assertion refers to the hearing examiner's refusal to allow appellant to introduce the investigative file into the evidence and her limited cross-examination of Brook regarding his reliance on the investigative material.

"Before the state may deprive a person of a property interest, it must provide procedural due process consisting of notice and a meaningful opportunity to be

heard." *Ohio Assn. of Pub. School Emp., AFSCME, AFL–CIO v. Lakewood City School Dist. Bd. of Edn.* (1994), 68 Ohio St.3d 175, 176, 624 N.E.2d 1043, 1045, citing *Cleveland Bd. of Edn. v. Loudermill* (1985), 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494; see, also, *In re Jones* (1990), 69 Ohio App.3d 114, 590 N.E.2d 72 (due process requires that an individual be given notice and an opportunity to be heard prior to a final administrative agency adjudication).

■ In *Lakewood,* the court indicated that the opportunity to challenge adverse evidence is a due process requirement for a posttermination arbitration hearing. Logically, the court would reach the same conclusion for a hearing regarding the suspension of a professional license.

In *Market St. Ry. Co. v. RR. Comm. of California* (1945), 324 U.S. 548, 562, 65 S.Ct. 770, 777, 89 L.Ed. 1171, 1182, the court noted that due process "requires that commissions proceed upon matters in evidence and that parties have opportunity to subject evidence to the test of cross-examination and rebuttal."

In *Greene v. McElroy* (1959), 360 U.S. 474, 496, 79 S.Ct. 1400, 1413, 3 L.Ed.2d 1377, 1390–1391, the court referred to the "relatively immutable" jurisprudence principle "that where governmental action seriously injures an individual, and the reasonableness of the action depends on fact findings, the evidence used to prove the Government's case must be disclosed to the individual so that he has an opportunity to show that it is untrue."

■ The board improperly provided confidential material to its expert witness, Brook. However, this did not waive the confidentiality privilege of the material since the privilege was not the board's to waive. Brook testified that, in a minor way, he had relied on the confidential material to form his conclusions. Because appellant was unable to enter the confidential material into the record or to thoroughly study it and then cross-examine Dr. Brook about his reliance on it, she was denied an essential right to due process.

Appellant's second assignment of error is sustained.

Permitting appellant to review the confidential material, conduct further cross-examination of Brook on it, and admit it into evidence would only compound the board's error of providing confidential information to an improper person.

This matter is remanded for a new hearing. Appellant's indefinite suspension is to remain in effect. All evidence relied upon to support a conclusion that appellant is unfit to practice medicine or surgery must be in the record. Findings which rely on evidence not in the record are invalid. Specifically, any psychiatric opinion regarding appellant will not be valid unless it is based entirely on evidence in the record.

Appellant's first assignment of error is overruled. Appellant's second assignment of error is sustained. The decision of the Franklin County Court of Common Pleas is reversed and the case is remanded to the medical board for proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

PETREE and CLOSE, JJ., concur.

DEAN STRAUSBAUGH, J., retired, of the Tenth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.