[Cite as *Link v. Ohio State Bd. of Edn.*, 2013-Ohio-4229.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| WAYNE LINK | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellant | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | |
| -vs- | : | |
| | : | |
| OHIO STATE BOARD OF EDUCATION | : | Case No. 13CA19 |
| | : | |
| | : | |
| Defendant - Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING: Appeal from the Knox County Court of Common Pleas, Case No. 13AP01-0019

JUDGMENT: Affirmed

DATE OF JUDGMENT: September 24, 2013

APPEARANCES:

For Plaintiff-Appellant

WAYNE LINK
502 East Ohio Avenue, Apt. C
Mt. Vernon, Ohio 43050

For Defendant-Appellee

MICHAEL C. MCPHILLIPS
Assistant Attorney General
Office of the Ohio Attorney General,
Education Section
30 East Broad Street, 16th Floor
Columbus, OH 43215

*Baldwin, J.*

{¶1} Appellant Wayne Link appeals a judgment of the Knox County Common Pleas Court affirming a decision of appellee Ohio State Board of Education denying his application for a short-term substitute teaching license.

## STATEMENT OF FACTS AND CASE

{¶2} On December 28, 2011, appellant submitted an application to the Ohio Department of Education for a short-term substitute teaching license. On the application, appellant explained that his license to practice law had been indefinitely suspended by the Ohio Supreme Court.

{¶3} The Ohio Department of Education notified appellant on March 27, 2012, that a hearing would be held on appellant's application on October 2, 2012. The notice stated that on June 3, 1999, the Board of Commissioners on Grievances and Discipline of the Supreme Court of Ohio (hereinafter "Board of Commissioners") unanimously determined that appellant's mental health was at issue and ordered him to undergo a psychiatric exam. Appellant failed to comply and was found in contempt by the Supreme Court of Ohio on March 16, 2000, and his law license remained suspended.

{¶4} On September 28, 2012, appellant notified the hearing officer by email that he would not be attending the hearing. The hearing went forward in appellant's absence.

{¶5} At the hearing, evidence was presented that the Columbus Bar Association filed a complaint against appellant with the Board of Commissioners alleging that on July 17, 1997, appellant engaged in violent behavior at a post office and was arrested. During the disciplinary proceedings, appellant's deposition was taken.

Among other things, appellant testified in his deposition that he believed a Columbus attorney he once worked with was involved in an international conspiracy to sell military arms, he had been harassed by the postal service and the telephone company and he believed a Jewish conspiracy might be behind these problems, judges viewed him as the enemy and failed to give his clients fair consideration, people were controlling his clients, and people were waking him every two hours at night. Also as part of the disciplinary proceedings relating to appellant's law license, affidavits were presented concerning appellant's volatile behavior in court and his inability to control his temper. Evidence was presented that following a hearing before the Board of Commissioners, appellant was ordered to undergo a psychiatric evaluation. He failed to comply, was found in contempt of the Supreme Court of Ohio, and his law license has remained indefinitely suspended. As of the date of the October 2, 2012 hearing before the hearing officer on appellant's application for a substitute teaching license, appellant had not purged the contempt and his law license remained suspended.

{¶6} The hearing officer recommended that appellee deny appellant's application for a substitute teaching license pursuant to R.C. 3319.31(B)(1), which provides:

{¶7} "(B) For any of the following reasons, the state board of education, in accordance with Chapter 119. and section 3319.311 of the Revised Code, may refuse to issue a license to an applicant; may limit a license it issues to an applicant; may suspend, revoke, or limit a license that has been issued to any person; or may revoke a license that has been issued to any person and has expired:

{¶8}   "(1) Engaging in an immoral act, incompetence, negligence, or conduct that is unbecoming to the applicant's or person's position[.]"

{¶9}   Appellant filed objections to the report and recommendation.   At its December 11, 2012, meeting, appellee passed a resolution denying appellant's application and ordering that he be permanently ineligible to apply for any license issued by appellee.   Appellant filed a notice of appeal to the Knox County Common Pleas Court.   Both parties filed briefs in that court, but neither party requested the opportunity to present evidence in addition to the agency's record.   On July 1, 2013, the court affirmed appellee's order.   Appellant assigns three errors to this Court on appeal:

{¶10}   "I. DID THE TRIAL COURT VIOLATE OHIO CIV. R. 52 BY NOT PROVIDING FINDINGS OF FACT AND CONCLUSIONS OF LAW IN ITS JUDGMENT ENTRY?

{¶11}   "II.   DID THE OHIO BOARD OF EDUCATION'S HEARING OFFICER FOR THIS MATTER HAVE SUBJECT MATTER JURISDICTION TO HEAR THIS CASE?

{¶12}   "III.   DID THE OHIO BOARD OF EDUCATION'S HEARING OFFICER VIOLATE THE SEPARATION OF POWERS BY ADOPTING THE FACTS AND CONCLUSIONS OF THE OHIO SUPREME COURT?"

{¶13}   The instant case comes to us on the accelerated calendar. App.R. 11.1 governs accelerated-calendar cases and states in pertinent part:

{¶14}   "(E) Determination and judgment on appeal.

{¶15} The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form."

{¶16} One of the most important purposes of the accelerated calendar is to enable an appellate court to render a brief and conclusory decision more quickly than in a case on the regular calendar where the briefs, facts, and legal issues are more complicated. *Crawford v. Eastland Shopping Mall Assn.,* 11 Ohio App.3d 158, 463 N.E.2d 655 (1983).

{¶17} This appeal will be considered with the above in mind.

I.

{¶18} In his first assignment of error, appellant argues that the court erred in failing to provide findings of fact and conclusions of law pursuant to Civ. R. 52.

{¶19} This Court has previously held that a trial court does not err in failing to make separate findings of fact and conclusions of law in an appeal from an administrative adjudication pursuant to R.C. 119.12, if the court did not hear additional evidence which was not originally before the state board. *Rashid v. Ohio Liquor Control Comm.,* 50 Ohio App.3d 32, 552 N.E.2d 663 (1988); *Huntsman v. Ohio State Bd. of Educ.,* 5th Dist. Stark No. 2008CA00220, 2009-Ohio-4282, ¶26.

{¶20} In the instant case, the trial court did not hear additional evidence; therefore, the trial court was not required to make separate findings of fact and conclusions of law. The first assignment of error is overruled.

II.

{¶21}   In his second assignment of error, appellant argues that the hearing officer did not have subject matter jurisdiction to hear this case.   Appellant argues that the hearing officer usurped the power of the Ohio Supreme Court by using the same facts used by the Ohio Supreme Court in suspending appellant's law license.

{¶22}   Pursuant to Revised Code Chapter 3319, appellee and the hearing officer had jurisdiction to determine appellant's fitness to hold a substitute teaching license pursuant to R.C. 3319.31.  The hearing officer did not make any findings or conclusions regarding appellant's fitness to practice law, but simply considered the evidence from the proceedings regarding the suspension of appellant's law license, which was submitted as evidence to the hearing officer and unchallenged at that hearing by appellant, to determine whether to recommend approval or rejection of appellant's substitute teaching application.  Appellee made no determination of appellant's fitness to practice law.

{¶23}   The second assignment of error is overruled.

III.

{¶24}   Appellant argues that appellee violated separation of powers by punishing him a second time based on the same cause of action used to suspend his law license by the Supreme Court of Ohio.

{¶25}   Appellant's claim is without merit.  Appellee did not punish appellant a second time for the same conduct, nor did appellee violate separation of powers by using the same evidence used by the Supreme Court to suspend his law license in order to deny his application for a teaching certificate.  The evidence used in the

proceedings to suspend appellant's law license was submitted as evidence to the hearing officer at a hearing which appellant chose not to attend, and such evidence went unchallenged at the hearing. Appellee used this evidence to make a separate determination pursuant to R.C. 3319.31 on the issue of whether appellant should be granted a substitute teaching license.

{¶26} The third assignment of error is overruled.

{¶27} The judgment of the Knox County Common Pleas Court is affirmed. Costs are assessed to appellant.

By: Baldwin, J.

Gwin, P.J. and

Wise, J. concur.

HON. CRAIG R. BALDWIN

HON. W. SCOTT GWIN

HON. JOHN W. WISE

CRB/rad

[Cite as *Link v. Ohio State Bd. of Edn.*, 2013-Ohio-4229.]

IN THE COURT OF APPEALS FOR KNOX COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| WAYNE LINK | : | |
| | : | |
| Plaintiff - Appellant | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| OHIO STATE BOARD OF EDUCATION | : | |
| | : | |
| Defendant - Appellee | : | CASE NO. 13CA19 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Knox County, Ohio is affirmed. Costs assessed to appellant.

_____
HON. CRAIG R. BALDWIN


_____
HON. W. SCOTT GWIN


_____
HON. JOHN W. WISE