[Cite as *Abdelmalek v. State Med. Bd. of Ohio*, 2026-Ohio-1564.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOSEPH BADIE ABDELMALAK,            :

    Appellant-Appellant,            :

                               No. 115665

    v.            :

STATE MEDICAL BOARD
OF OHIO,            :

    Appellee-Appellee.            :

_____

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED IN PART, REVERSED IN
PART, AND REMANDED
**RELEASED AND JOURNALIZED:** April 30, 2026

_____

Administrative Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-24-103035

_____

### *Appearances:*

Dinsmore & Shohl, LLP, Eric J. Plinke, Gregory P.
Mathews, and Christopher B. Begin, *for appellant.*

Dave Yost, Attorney General of Ohio, Iris Jin, Grant
Wilson, and Kyle C. Wilcox, Assistant Attorneys General,
*for appellee.*

EMANUELLA D. GROVES, P.J.:

{¶ 1} Appellant Joseph Badie Abdelmalak, M.D. ("Dr. Abdelmalak")

appeals the Cuyahoga County Common Pleas Court's (the "CPC") decision affirming

the appellee State Medical Board of Ohio's (the "Board") permanent revocation of his license to practice medicine and surgery in Ohio. For the reasons that follow, we affirm in part, reverse in part, and remand the matter to the CPC to determine whether the Board's decision was supported by substantial evidence as required in R.C. 119.12(N).

## I. Factual and Procedural History

{¶ 2} In April 2023, the Board issued a notice of opportunity for hearing (the "Notice") to Dr. Abdelmalak advising him that the Board intended to take disciplinary action against his license to practice medicine and surgery. In the Notice, the Board alleged that Dr. Abdelmalak acted inappropriately during the treatment of seven patients for purposes other than appropriate health care.[1] The Notice alleged he

(a) touched the pubic or vaginal area of Patient 1, on or about November 23, 2012;

(b) touched the vaginal area of Patient 2, on or about December 22, 2016;

(c) touched the breasts of Patient 3, on or about January 11, 2019;

(d) touched the breasts and/or vaginal area of Patient 4, on or about August 19, 2019;

(e) touched the vaginal area of Patient 5 and failed to wear gloves during the examination, on or about April 19, 2021;

(f) touched the breasts and/or vaginal area of Patient 6 on multiple occasions over the course of multiple appointments. Dr.

---

[1] The Notice included a confidential patient key, which identified the seven patients in question.

Abdelmalak also made inappropriate comments to Patient 6 that were not clinically relevant;

(g) touched the breasts and/or vaginal area of Patient 7 on multiple occasions over the course of multiple appointments. Dr. Abdelmalak made inappropriate comments to Patient 7 that were not clinically relevant.

{¶ 3} The Board further alleged that this conduct was in violation of R.C. 4731.22(B)(20). R.C. 4731.22(B)(20) generally prohibited a physician from violating, attempting, assisting, abetting, or conspiring to violate provisions of R.C. Title 47 and rules promulgated by the Board in the Ohio Administrative Code. Pursuant to that statute, the Board claimed that Dr. Abdelmalak's conduct violated Adm.Code 4731-26-02, which prohibited sexual misconduct.[2] The Board noted that a violation of Adm.Code 4731-26-02 also constitutes a violation of R.C. 4731.22(B)(6), which prohibited

[a] departure from, or the failure to conform to, minimal standards of care of similar practitioners under the same or similar circumstances, whether or not actual injury to a patient is established.

{¶ 4} In addition, the Board advised that any violations that occurred on or after September 29, 2015, were subject to a civil penalty in an amount not to exceed $20,000.

{¶ 5} Dr. Abdelmalak exercised his right to a hearing, which was scheduled for February 26 through March 1, 2024, before a hearing examiner. Four days prior to the hearing, Dr. Abdelmalak requested leave to issue a subpoena duces tecum to

---

[2] The Notice references different versions of the administrative code in effect during the course of the allegations. None of those revisions change the responsibility of a physician under the administrative code.

the Cleveland Clinic for production of "any police reports and any ombudsman reports related to Dr. Abdelmalak between November 1, 2012 and December 31, 2021."[3] The hearing examiner denied the motion noting that the request was untimely pursuant to Adm.Code 4731-13-13(C), which requires subpoenas to be filed at least 21 days in advance of the requested compliance. Further, the hearing examiner noted that Dr. Abdelmalak's motion did not include an explanation for the late request; however, in an email, Dr. Abdelmalak informed the hearing examiner that he learned of additional reports when exhibits were exchanged in mid-January.[4] Based on that representation, the hearing examiner denied the motion finding that Dr. Abdelmalak was on notice of the existence of reports in mid-January and had the ability to submit the subpoena within the deadline.

{¶ 6} At the hearing, Patients 1 through 7 testified, as did Dr. Abdelmalak. In addition, the hearing examiner heard testimony from five witnesses who assisted Dr. Abdelmalak during examinations ("chaperones") and an investigator for the Board.[5] During the Board's cross-examination of the chaperone who assisted Dr. Abdelmalak with Patient 5, the Board sought to impeach the witness with a statement she gave to the hospital's ombudsman. Prior to asking questions, the

---

[3] "Ombudsman" refers to Cleveland Clinic's investigator for patient complaints.

[4] Dr. Abdelmalak's witness and exhibit list from January 17, 2024, listed certified ombudsman reports for Patients 1, 3, 4, and "additional patients," as well as a Cleveland Clinic police report for Patient 3.

[5] The chaperones were three medical assistants, a physician's assistant, and a registered nurse.

Board clarified that the statement was identified as exhibit No. 19 and a copy had been provided to Dr. Abdelmalak the day prior. The defense agreed and the Board proceeded to question the witness regarding differences in her testimony at the hearing and her statement in the ombudsman's report.

{¶ 7} During Dr. Abdelmalak's cross-examination of the Board's investigator, he attempted to solicit more information regarding exhibit No. 19, and any other documents the investigator received in the course of his investigation. The Board objected, arguing that the witness was prohibited from testifying further except to the extent the Board used the results of the investigator's findings in the case. The hearing examiner sustained the objection on the basis that the question, which asked about "any" other documents, was too broad. However, Dr. Abdelmalak was permitted to question the witness further establishing that exhibit No. 19 was a 2-page excerpt from a 23-page report.

{¶ 8} After the hearing, and after reviewing all the testimony and exhibits, the hearing examiner issued a 113-page report and recommendation. The report recommended that the Board permanently revoke Dr. Abdelmalak's license to practice medicine and surgery and impose a $20,000 fine. The Board sent a notice to Dr. Abdelmalak dated July 22, 2024, with the report attached. Therein, the Board notified him that he was entitled to file written objections to the report and recommendations within ten days. Dr. Abdelmalak filed his objections on August 1, 2024.

{¶ 9} Despite the fact that the hearing examiner denied Dr. Abdelmalak's motion for leave to subpoena records because the request was untimely, Dr. Abdelmalak argued that the documents were withheld pursuant to R.C. 4731.22(F)(5), which protected the confidentiality of the Board's investigation. He then alleged that the Board used an excerpt from the documents during the hearing and prevented him from obtaining additional information. Dr. Abdelmalak also challenged the Board's decision to issue the Notice without interviewing the chaperones who were present at many of the examinations when the wrongdoing allegedly occurred. He argued that the Board's rules required the investigator to interview all material witnesses prior to issuing the Notice and, by failing to do so, the Board violated his right to due process. Furthermore, Dr. Abdelmalak argued that outside agencies conducted a more thorough review of the allegations than the Board's investigator, as evidenced by the police reports and ombudsman reports that Dr. Abdelmalak had obtained. Dr. Abdelmalak claimed that the hearing examiner gave little weight to those outside investigations, which ultimately resulted in no charges being filed against him. Finally, Dr. Abdelmalak challenged the credibility of the patients' testimony, pointing to discrepancies in their accounts. He also alleged that there was insufficient evidence to support the allegations surrounding Patients 6 and 7.

{¶ 10} At the Board's August 2024 session, all Board members averred that they had received, read, and considered the hearing record; findings of fact, conclusions, and proposed orders; and any objections filed to the report and

recommendation. When the matter was called to a vote, the ten voting Board members unanimously voted to accept the hearing examiner's recommendation to permanently revoke Dr. Abdelmalak's license to practice medicine and surgery and issue a fine of $20,000.[6] Dr. Abdelmalak appealed the ruling to the CPC.

{¶ 11} Dr. Abdelmalak raised the following assignments of error on appeal to the CPC:

> 1. The Board's order is contrary to law because the Board placed the burden of proof on Dr. Abdelmalak;
>
> 2. The Board's order is contrary to law and not supported by reliable, probative, and substantial evidence;
>
> 3. The Board erred and violated Dr. Abdelmalak's due-process rights by allowing the Board to introduce an excerpt of an ombudsman report.

{¶ 12} In his first assignment of error, Dr. Abdelmalak argued that the Board shifted the burden of proof to him because they gave great weight to the number of accusations, and, as a result, placed Dr. Abdelmalak in the position of proving his innocence, rather than requiring the Board to prove his culpability. In the second assignment of error, Dr. Abdelmalak alleged that the Board "disregarded chaperone testimony, unjustifiably discounted independent investigations, and glossed over or ignored discrepancies in the patients' testimony." Finally, in the third assignment of error, Dr. Abdelmalak claimed that the Board failed to turn over parts of the Cleveland Clinic ombudsman's report regarding the statements of Patient 5. Dr. Abdelmalak believed that the report may have contained exculpatory

---

[6] The two remaining Board members presided over the investigation and abstained from voting. *See* R.C. 4731.22(F)(2).

information and that the ombudsman found no evidence of misconduct. Dr. Abdelmalak alleged that parts of the ombudsman report were admitted over his objection despite the fact that the Board had not provided him with the full report, under the shield of R.C. 4731.22(F)(5).

{¶ 13} The CPC overruled Dr. Abdelmalak's assignments of error, finding that "the order of the [Board] is supported by reliable, probative evidence and is in accordance with the law."

{¶ 14} Dr. Abdelmalak appeals this decision to this court, assigning the following errors for our review.

**Assignment of Error No. 1**

The [CPC] erred by failing to examine the evidence in the record and provide both factual and legal determinations as required by R.C. 119.12.

**Assignment of Error No. 2**

The [CPC] erred in finding that the Board order complied with the law when the Board impermissibly placed the burden of proof on Dr. Abdelmalak.

**Assignment of Error No. 3**

The [CPC] abused its discretion in affirming the Board's order based on its finding that the order was supported by "reliable, probative evidence."

**Assignment of Error No. 4**

The [CPC] erred in finding that the Board complied with Ohio law and due process protections when the Board introduced an excerpt of an ombudsman report.

## II. Law and Analysis

{¶ 15} First, we must address the standard of review in administrative appeals. The first appeal is to the CPC, which must uphold the decision of an administrative agency when, after considering the entire record, it determines the agency's decision is supported by "reliable, probative, and substantial evidence and is in accordance with the law." R.C. 119.12(N); *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993); *Reed v. Dept. of Pub. Safety*, 2021-Ohio-4314, ¶ 10 (8th Dist.) (citing R.C. 119.12(M) now renumbered to R.C. 119.12(N)); *Brisker v. Ohio Dept. of Ins.*, 2021-Ohio-3141, ¶ 18 (4th Dist.).

{¶ 16} This standard requires the CPC to "'conduct two inquiries: a hybrid factual/legal inquiry and a purely legal inquiry.'" *Reed* at ¶ 11, quoting *Bartchy v. State Bd. of Edn.*, 2008-Ohio-4826, ¶ 37. Under the factual/legal inquiry, the CPC is required to give deference to the administrative agency's factual findings. *Id.* citing *Univ. of Cincinnati v. Conrad*, 63 Ohio St.2d 108, 111 (1980). However, the Board's findings are not conclusive and the CPC may reverse, vacate, or modify an administrative order if it determines that "'there exist legally significant reasons for discrediting certain evidence relied upon by the administrative body, and necessary to its determination.'" *Bartchy* at *id.*, quoting *Ohio Historical Soc. v. State Emp. Relations Bd.*, 66 Ohio St.3d 466, 470-471 (1993). With respect to the administrative agency's legal conclusions, the CPC "must construe the law on its own," in other words conduct a de novo review, without deference to the Board's findings. *Id.,* citing *id.* at 471.

{¶ 17} An appellate court's review of the CPC's decision is even more limited. Appellate review of the CPC's evidentiary rulings is for an abuse of discretion. *McClendon v. Ohio Dept. of Edn.*, 2017-Ohio-187, ¶ 9 (8th Dist.), citing *Pons* at 621. A court abuses its discretion when its judgment is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). However, this court reviews purely legal questions, e.g., the construction of a statute or constitutional provisions, under the de novo standard of review. *McClendon*, citing *Haynan v. Ohio State Bd. of Edn.*, 2011-Ohio-6499, ¶ 9 (6th Dist.), citing *Washington Cty. Home v. Ohio Dept. of Health*, 2008-Ohio-4342, ¶ 25 (4th Dist.).

{¶ 18} With that framework in mind, we turn to Dr. Abdelmalak's assignments of error, which we review in combination and out of order for ease of analysis.

{¶ 19} In the first and third assignments of error, Dr. Abdelmalak challenges the CPC's evidentiary conclusions. In the first assignment of error, Dr. Abdelmalak argues that the CPC erred when it issued its decision without including findings of fact and conclusions of law. He claims that, "[b]y affirming the Board's order with a sparse, cursory judgment that provided no analysis, the [CPC] failed to carry out its basic, statutorily required role." In this third assignment of error, Dr. Abdelmalak alleges the CPC erred when it found that the allegations were supported by substantial evidence. He argues that the patients' testimony lacked credibility because of several inconsistencies and that the hearing examiner misunderstood some of the medical evidence.

{¶ 20} While R.C. 119.12 requires the CPC to consider the entire record, it does not require the CPC to prepare detailed findings of fact. R.C. 119.12(N). This court has found:

> "[A] trial court does not err in failing to make separate findings of fact and conclusions of law in an appeal from an administrative adjudication pursuant to R.C. 119.12, if the court did not hear additional evidence which was not originally before the state board."

(Cleaned up.) *Cobb v. Ohio Dept. of Edn.*, 2016-Ohio-7396, ¶ 43 (8th Dist.), quoting *Link v. Ohio State Bd. of Edn.*, 2013-Ohio-4229, ¶ 19 (5th Dist.).

{¶ 21} The CPC did not hear any additional evidence prior to making its ruling. It reviewed the record submitted by the Board and the parties' briefs, which addressed the proceedings before the Board. Accordingly, the CPC was not required to make findings of fact and conclusions of law and we overrule the first assignment of error.

{¶ 22} In the third assignment of error, Dr. Abdelmalak argues that the CPC erred when it found that the Board's decision was supported by reliable and probative evidence, but did not find it was supported by substantial evidence. In his brief, Dr. Abdelmalak challenges the credibility of the witnesses, arguing that the CPC failed to meaningfully evaluate testimony that fully exonerates him. To the extent that he asks this court to evaluate the testimony below, Dr. Abdelmalak is asking this court to go beyond the scope of our review. We review the CPC's evidentiary findings for an abuse of discretion. However, we agree with Dr. Abdelmalak that the CPC was required to apply the standard of review in

R.C. 119.12(N) and determine whether the Board's decision was supported by reliable, probative, and substantial evidence and that it erred in failing to do so.

{¶ 23} Multiple courts have found that the CPC's standard of review when assessing an administrative agency's decision is whether it is supported by reliable, probative, and substantial evidence. *See Henry's Cafe, Inc. v. Bd. of Liquor Control*, 170 Ohio St. 233, 236 (1959); *Irons v. State Dept. of Human Servs.,* 1998 Ohio App. LEXIS 3701, *6 (6th Dist. Aug. 14, 1998) (finding error where the trial court's ruling mentioned manifest weight of the evidence; preponderance of reliable, probative and substantial evidence; and reliable, probative and substantial evidence as the standards of review); *Diversified Benefit Plans Agency v. Duryee*, 101 Ohio App.3d 495, 500 (9th Dist. 1995) (finding that the standard of review in an R.C. 119.12 appeal is whether the ruling is supported by reliable, probative, and substantial evidence, not the preponderance of the evidence). Evidence is reliable, probative, and substantial when

> "(1) 'Reliable' evidence is dependable; that is, it can be confidently trusted. In order to be reliable, there must be a reasonable probability that the evidence is true. (2) 'Probative' evidence is evidence that tends to prove the issue in question; it must be relevant in determining the issue. (3) 'Substantial' evidence is evidence with some weight; it must have importance and value."

*Klickovich v. State Med. Bd. of Ohio*, 2025-Ohio-2783, ¶ 9 (10th Dist.), quoting *Our Place, Inc. v. Ohio Liquor Control Comm.*, 63 Ohio St.3d 570, 571 (1992).

{¶ 24} The common pleas courts "'must appraise all the evidence as to the credibility of the witnesses, the probative character of the evidence, *and* the weight

thereof.'" (Emphasis added.) (Cleaned up.) *Omni Energy Grp., LLC v. Vendel*, 2024-Ohio-2439, ¶ 12 (10th Dist.), quoting *Andrews v. Bd. of Liquor Control*, 164 Ohio St. 275, 280 (1955). Our standard of review to evaluate whether the CPC used the appropriate standard review is de novo. *Id.* at ¶ 14, citing *Bartchy,* 2008-Ohio-4826, at ¶ 43, citing *Univ. Hosp., Univ. of Cincinnati College of Medicine v. State Emp. Relations Bd.*, 63 Ohio St.3d 339, 343 (1992).

{¶ 25} Based on the foregoing, we now evaluate the CPC's decision to see if it applied the appropriate standard of review. Here, the CPC only addressed the reliability and probative nature of the evidence but did not make a finding that the Board's decision was supported by "substantial evidence" as required by R.C. 119.12(N). Given that a large portion of Dr. Abdelmalak's brief before the CPC addressed his belief that the Board failed to properly weigh the evidence, specifically addressing the chaperone testimony, the CPC's failure to include a finding that the Board's ruling was supported by substantial evidence was reversible error.

{¶ 26} Based on the foregoing, the third assignment of error is sustained in as much as it challenges the CPC's finding that the Board's decision was supported by reliable and probative evidence but not substantial evidence. The case is remanded for the CPC to determine whether the Board's decision was supported by substantial evidence.

{¶ 27} In the second and fourth assignments of error, Dr. Abdelmalak challenges the CPC's finding that the Board's decision was in accordance with the law. We review these claims under the de novo standard of review. *McClendon,*

2017-Ohio-187, ¶ 9 (8th Dist.). In the second assignment of error, Dr. Abdelmalak argues that the Board impermissibly shifted the burden of proof requiring him to prove he did not commit the infractions raised by his patients.

{¶ 28} Dr. Abdelmalak points to a single question asked by the hearing examiner to one of the chaperones in the almost 1000-page-hearing transcript:

> Hearing examiner: I think you testified you work with a lot of patients. Can you imagine any reason that multiple patients would make allegations of sexual assault against Dr. Abdelmalak?

{¶ 29} This question alone is not sufficient to establish that the hearing examiner shifted the burden of proof. Dr. Abdelmalak also suggests that the report and recommendation established this bias because it discussed in great detail the patients' believability. However, the report also discusses the chaperones' testimony and explains how certain testimony was inconsistent with the medical records, Dr. Abdelmalak's testimony, statements Dr. Abdelmalak gave to police, or statements the chaperone gave to the hospital's ombudsman.

{¶ 30} Based on our review of the record, the report and recommendation addressed all the testimony and discrepancies in each witnesses' testimony, including the patients' testimony. The hearing examiner merely found the patients' testimony more credible overall than that of Dr. Abdelmalak and the chaperones. The record does not reflect that the Board impermissibly shifted the burden of proof to Dr. Abdelmalak. Accordingly, the second assignment of error is overruled.

{¶ 31} Finally, in the fourth assignment of error, Dr. Abdelmalak claims that the Board violated his right to due process and misconstrued the requirements of

R.C. 4731.22(F) when it refused to allow him to subpoena an ombudsman's report prior to trial and then entered an excerpt from that report into evidence against him. Dr. Abdelmalak argues that the CPC erred in finding that the Board's decision to admit a two-page excerpt of an ombudsman's report was in accordance with the law. Dr. Abdelmalak alleges that the Board misinterpreted R.C. 4731.22(F)(5) when it allowed the admission of a portion of the ombudsman's report but did not allow Dr. Abdelmalak to receive the remainder of the report. Further, he alleges that that decision violated his right to due process because due process required the Board to supply him with sufficient information to enable him to challenge adverse evidence against him and respond to the charges.

{¶ 32} R.C. 4731.22(F)(5) provides:

> A report required to be submitted to the board under this chapter, a complaint, or information received by the board pursuant to an investigation or pursuant to an inspection under division (E) of section 4731.054 of the Revised Code is confidential and not subject to discovery in any civil action.

{¶ 33} The statute serves the purpose of "protect[ing] the confidentiality of patients and persons who file complaints with the [B]oard" and is intended to address "the privacy rights of several groups: investigation witnesses, patients, physicians under investigation, and any other person whose confidentiality right is implicated by a [B]oard investigation." *Mansour v. State Med. Bd. of Ohio*, 2015-Ohio-1716, ¶ 30 (10th Dist.), quoting *In re Kralik*, 101 Ohio App.3d 232, 236 (10th Dist. Feb. 21, 1995). However, those with confidentiality may waive that privilege. *Id.*, citing *id.*

{¶ 34} Preliminarily, we note that Dr. Abdelmalak did not object when the Board used the two-page excerpt from the ombudsman's report, exhibit No. 19, to cross-examine and impeach the chaperone in question. During the questioning of a different witness, the Board's investigator, Dr. Abdelmalak attempted to obtain additional information about the investigation, focusing on exhibit No. 19, and asking whether there were "any" other reports. The Board objected and cited R.C. 4731.22(F)(5). The hearing examiner sustained the objection on the basis that Dr. Abdelmalak's question was overbroad when it asked about "any" other reports. Dr. Abdelmalak only objected to exhibit No. 19 at the end of the hearing when the Board sought to introduce the excerpt into evidence. Further, that objection raised the refusal of the Board to provide the remainder of the report. The hearing examiner overruled his objection.

{¶ 35} Notably, Dr. Abdelmalak fails to mention that he moved for leave to subpoena additional records, including the ombudsman's report in question, four days prior to the hearing and that the motion was denied because it was untimely. In fact, the hearing examiner noted that Dr. Abdelmalak was aware of the existence of these reports earlier and had sufficient time to issue a timely subpoena. Not only did he fail to do so, but when he moved for leave to file, he did not explain the reason for the delay. In response to Dr. Abdelmalak's claims, the Board argues that Dr. Abdelmalak was not entitled to receive the report under R.C. 4731.22(F)(5) and established case law. We need not consider this argument. Dr. Abdelmalak could have sought the reports by securing waivers from the affected parties and issuing a

timely subpoena. While he may not have been successful, his failure to even attempt this process in a timely manner prior to trial does not equate to a violation of his right to due process. Further, he was not prejudiced by the Board's use of the excerpt of the report because it was only used to impeach the witness who testified differently than in a prior statement. Dr. Abdelmalak was given a copy of the exhibit prior to the testimony and did not object to its use for that purpose. Based on the foregoing, we do not find that the CPC erred in finding the Board's decision was appropriate under the law.

{¶ 36} Accordingly, the fourth assignment of error is overruled.

{¶ 37} Judgment affirmed in part, reversed in part, and remanded to address whether the Board's decision was supported by substantial evidence.

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, PRESIDING JUDGE

MARY J. BOYLE, J., and
SEAN C. GALLAGHER, J., CONCUR